GRUELLE, APPELLANT, *v.* J. I. CASE THRESHING MACHINE CO., RESPONDENT.

(No. 3,461.)

(Submitted January 9, 1915. Decided January 23, 1915.)

[146 Pac. 277.]

*Master and Servant—Liability for Wages—Evidence—Insufficiency—New Trial.*

1. *Held,* in an action to recover for labor done, that a new trial was properly granted defendant, where the evidence failed to disclose that he was the person at whose instance the services were performed by plaintiff.

[As to contracts for permanent employment, see note in 51 Am. St. Rep. 301.]

*Appeal from District Court, Teton County; H. H. Ewing, Judge.*

ACTION by Samuel Gruelle against the J. I. Case Threshing Machine Company. From an order granting a new trial, plaintiff appeals. Affirmed.

*Mr. David J. Ryan,* for Appellant, submitted a brief.

*Mr. W. F. O'Leary* and *Mr. Phil. I. Cole,* for Respondent, submitted a brief; *Mr. O'Leary* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action originated in the justice's court of Conrad township, Teton county. It was brought to recover the sum of $54, alleged to be due the plaintiff for labor performed by him for the defendant in the operation of a threshing outfit during the month of October, 1912, and the sum of $75, alleged to be due upon a claim for like services performed for the defendant by one Edwards and assigned by him to the plaintiff. The justice awarded plaintiff judgment for $100, and the defendant appealed to the district court. A trial in that court resulted in

a verdict for plaintiff for the full amount of both claims. The cause is before this court on plaintiff's appeal from a general order granting defendant's motion for a new trial.

It is apparent from the record that the district court granted the order solely on the ground of insufficiency of the evidence. [1] A careful reading of the evidence has convinced us, not merely that the court was justified in granting the order, but that it would have committed error in refusing to do so. The theory of plaintiff was that the defendant was the owner of the threshing machine, and that the persons in charge of it, and at whose instance the services were performed, were defendant's agents. It appears, however, that the only connection defendant sustained to it was that it held a chattel mortgage upon it to secure the purchase price due from one La Breche, who had theretofore purchased it from the defendant, and that it was being operated solely for his benefit. Incidentally it appears that on October 25 the defendant took possession of the machine and thereafter became responsible for the wages of the employees; but it does not appear that any part of plaintiff's claim accrued after that date. Therefore the evidence does not fix liability upon the defendant for any portion of either of the claims.

The order is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.